**BASEY et al. v. REESING.   (No. 6609.)**

(Court of Civil Appeals of Texas.   Austin. June 21, 1922.   Rehearing Denied Oct. 11, 1922.)

Injunction ⚖️ 144—Petition which alleged existence of ordinance, but failed to allege noncompliance, held insufficient to warrant temporary injunction.

A petition for an injunction to restrain defendant from storing gasoline in a tank at his filling station, which alleged the existence of an ordinance prescribing in great detail the manner in which tanks for storing gasoline at filling stations should be constructed, but which failed to allege that defendant did not comply with the ordinance, was insufficient to warrant the issuance of a temporary injunction.

Appeal from District Court, McLennan County; Jas. P. Alexander, Judge.

Petition for injunction by William Basey and others against C. H. Reesing. From an order refusing to grant a temporary injunction, plaintiffs appeal. Affirmed.

Spell, Naman & Penland, of Waco, for appellants.

W. L. Eason, of Waco, for appellee.

JENKINS, J. This is an appeal from the action of the court in refusing to grant a temporary injunction restraining the appellee from storing gas in his tank at a filling station erected by him in the city of Waco, pending suit to permanently enjoin appellee from operating such station.

It appears from appellants' petition that the city of Waco has enacted an ordinance prescribing in great detail how gasoline shall be stored in that city, and especially in what manner tanks for storing the same at filling stations shall be constructed. It is not alleged that appellee has failed to comply with the requirements of this ordinance in any particular, or in the manner of constructing his tank. It is, however, alleged that he did not obtain a permit to erect such filling station from the fire marshal and fire commissioner, as required by said ordinance.

Appellee denies that the ordinance referred to required him to obtain such permit. He further alleges that if the ordinance required such permit, it is unconstitutional, as vesting arbitrary authority in the fire marshal.

While we are inclined to agree with appellee as to both such contentions, we deem it unnecessary to decide either; as we are of the opinion that appellants' petition shows no such emergency as requires the issuance of the restraining order asked for pending the trial of the case on its merits; for which reason the judgment of the trial court is affirmed.